**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **IN RE: YRC WORLDWIDE, INC. ERISA LITIGATION** | : | **Case No. 09-cv-02593 JWL/JPO** |

# DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED COMPLAINT

Defendants YRC Worldwide, Inc., the Benefits Administrative Committee, William Zollars, Michael Byrnes, Cassandra Carr, Dennis Foster, Phillip Meek, Harold Marshall, James Kissinger, Daniel Churay, Sheila Taylor, Timothy Wicks, Phil Gaines, James Staley, and Paul Liljegren (collectively, "Defendants") for their answer to the Consolidated Complaint ("Complaint") state as follows:

## NATURE OF ACTION[1]

1. Defendants admit this action is brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA") but deny they have violated ERISA.

2. Defendants admit that Plaintiffs were participants in the YRC Worldwide, Inc. 401(k) Plan ("YRCW Plan) or one of its predecessor plans,[2] that the Plan held interests in the common stock of YRC Worldwide, Inc. ("YRCW"), and that this action is brought as a putative class action. Defendants deny all remaining allegations in paragraph 2.

3. Defendants admit that 401(k) plans confer certain tax benefits on participating employees, that some 401(k) plans offer the common stock of the plan sponsor as an investment

---

[1] Headings from the Complaint are included for ease of reference, and the inclusion does not constitute an admission of any kind. To the extent the headings contain averments of fact, Defendants deny them.

[2] The YRCW Plan and its predecessor plans – the Yellow Roadway Corporation Retirement Savings Plan, the YRC Regional Transportation, Inc. 401(k) Retirement Plan, the New Penn Motor Express, Inc. Profit Sharing Plan, and the New Penn Motor Express, Inc. 401(k) Retirement Plan – are referred to herein collectively as the "Plan."

option, and that YRCW stock was one of the investment options in the Plan during the purported class period. Defendants deny all remaining allegations of paragraph 3.

4. Defendants admit that Plaintiffs summarize the allegations of the Complaint but deny that they breached their fiduciary duties under ERISA and deny that Plaintiffs are entitled to any relief.

5. Defendants deny the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants admit that Plaintiffs summarize the allegations of the Complaint but deny that they violated ERISA and deny that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

9. Defendants admit the allegations of paragraph 9.

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit that venue is proper in this District but deny that any breaches of fiduciary duty took place here.

## THE PARTIES

### Plaintiffs

12. Defendants admit the allegations of paragraph 12.

13. Shelley Whitson is no longer a Plaintiff.

14. Defendants admit the allegations of paragraph 14.

15. Defendants admit the allegations of paragraph 15.

### The Company

16. Defendants deny that YRCW is a fiduciary of the Plan but admit the remaining allegations of paragraph 16.

**Director Defendants**

17. Defendants admit the allegations of paragraph 17.

18. Defendants admit the allegations of paragraph 18.

19. Defendants admit that the Compensation Committee is a committee comprised of members of the YRCW Board of Directors, that the Compensation Committee charter contains the quoted language, and that the Compensation Committee is responsible for appointing members of the Benefits Administrative Committee ("Administrative Committee"). Defendants deny all remaining allegations of paragraph 19.

20. Defendants admit that Michael T. Byrnes was a member of the Compensation Committee during the putative class period and that Mr. Byrnes was a fiduciary of the Plan to the extent that he had authority to appoint and remove members of the Administrative Committee. Defendants deny all remaining allegations of paragraph 20.

21. Defendants admit that Cassandra C. Carr was a member of the Compensation Committee during the putative class period and that Ms. Carr was a fiduciary of the Plan to the extent that she had authority to appoint and remove members of the Administrative Committee. Defendants deny all remaining allegations of paragraph 21.

22. Defendants admit that Dennis E. Foster was a member of the Compensation Committee during the putative class period and that Mr. Foster was a fiduciary of the Plan to the extent that he had authority to appoint and remove members of the Administrative Committee. Defendants deny all remaining allegations of paragraph 22.

23. Defendants admit that Phillip J. Meek was a member of the Compensation Committee during the putative class period and that Mr. Meek was a fiduciary of the Plan to the extent that he had authority to appoint and remove members of the Administrative Committee. Defendants deny all remaining allegations of paragraph 23.

24. Defendants deny that William L. Trubeck, John C. McKelvey, Mark A. Schultz, and Carl W. Vogt are defendants in this action, having not been named individually or served with process.

**Benefits Administrative Committee**

25. Defendants deny the allegations of the last sentence of paragraph 25. Defendants admit the remaining allegations of paragraph 25, except the allegation that "all members of the Administrative Committee are . . . senior officers . . . of YRCW."

26. Defendants admit the allegations of paragraph 26.

27. Defendants admit the allegations of paragraph 27.

28. Defendants admit the allegations of paragraph 28.

29. Defendants admit the allegations of paragraph 29.

30. Defendants deny that Timothy A. Wicks is currently the President and Chief Operating Officer of YRCW but admit the remaining allegations of paragraph 30.

31. Defendants admit the allegations of paragraph 31.

32. Defendants admit the allegations of paragraph 32 and note that James Staley is no longer President of YRC Regional Transportation.

33. Defendants admit the allegations of paragraph 33.

34. Defendants admit the allegations of paragraph 34.

35. Defendants admit the allegations of paragraph 35.

36. Defendants admit that Paul F. Liljegren was the Senior Vice President – Finance and is now Senior Vice President – Investor Relations and Treasurer.

37. Paragraph 37 requires no response.

38. Defendants admit that Plaintiffs purport to bring this as a class action but deny that they meet all of the requirements of Fed. R. Civ. P. 23.

39. Defendants admit that Plaintiffs purport to bring this as a class action but deny that they meet all of the requirements of Fed. R. Civ. P. 23.

40. Defendants admit that Plaintiffs purport to bring this as a class action but deny that they meet all of the requirements of Fed. R. Civ. P. 23.

41. Defendants admit that Plaintiffs purport to bring this as a class action but deny that they meet all of the requirements of Fed. R. Civ. P. 23.

42. Defendants admit that Plaintiffs purport to bring this as a class action but deny that they meet all of the requirements of Fed. R. Civ. P. 23.

43. Defendants admit that Plaintiffs purport to bring this as a class action but deny that they meet all of the requirements of Fed. R. Civ. P. 23.

44. Defendants admit that Plaintiffs purport to bring this as a class action but deny that they meet all of the requirements of Fed. R. Civ. P. 23.

45. Defendants admit that Plaintiffs purport to bring this as a class action but deny that they meet all of the requirements of Fed. R. Civ. P. 23.

**DESCRIPTION OF THE PLAN**

46. Defendants admit that the YRCW Plan document contains the quoted language but deny that the only purpose of the Plan was to provide retirement savings.

47. Defendants admit that the predecessor plan documents contain the quoted language but deny that the only purpose of the plans was to provide retirement savings.

48. Defendants admit that the Summary Plan Description of the YRC Regional Transportation, Inc. 401(k) Retirement Plan contains the quoted language but deny that the only purpose of the plan was to provide retirement savings.

49. Defendants admit that the Investment Policy adopted June 48, 2004 contains the quoted language but deny that the only purpose of the plan was to provide retirement savings.

50. Defendants admit the allegations of paragraph 50.

51. Defendants admit the allegations of paragraph 51.

52. Defendants admit the allegations of paragraph 52.

53. Defendants admit the allegations of paragraph 53.

54. Defendants admit the allegations of paragraph 54.

55. Defendants admit that certain of the predecessor plans provided for employee and employer contributions but deny the remaining allegations of paragraph 54.

56. Defendants admit that the YRCW Plan effective January 1, 2009 contains the quoted language but deny that YRCW has made any matching contributions since January 1, 2009.

57. Defendants admit the allegations of paragraph 57.

58. Defendants admit that the YRCW Plan contains the quoted language but deny that any discretionary contributions were made during the alleged class period.

59. Defendants admit the allegations of paragraph 59.

60. Defendants admit the allegations of paragraph 60.

61. Defendants deny that the Administrative Committee had the authority to add or eliminate the YRCW Stock Fund as an investment but admit the remaining allegations of paragraph 61.

62. Defendants admit that the predecessor plans identified in paragraph 62 contained the quoted language but deny that the Administrative Committee had the authority to add or eliminate the YRCW Stock Fund as an investment.

63. Defendants admit that the predecessor plans identified in paragraph 62 contained the quoted language but deny the remaining allegations of paragraph 63.

64. Defendants admit that the Administrative Committee charter contains the quoted language but deny that the Administrative Committee has the authority to add or eliminate the YRCW Stock Fund as an investment or that the Administrative Committee has a duty to diversify investments in YRCW stock.

65. Defendants admit that the Investment Policy adopted June 8, 2004 contains the quoted language.

66. Defendants admit that the Compensation Committee charter contains the quoted language but deny that the Compensation Committee is a fiduciary with respect to the management of Plan assets.

67. Defendants admit that the YRCW Stock Fund is an investment option offered in the Plan and that the Fund was frozen effective October 25, 2008 with respect to all future contributions. Defendants deny the remaining allegations of paragraph 67.

68. Defendants admit that the YRCW Plan contains the quoted language but deny any suggestion that these plan features were new as of January 1, 2009. Under the predecessor plans, participants could not direct contributions to the YRCW Stock Fund or transfer balances into the Fund.

## DEFENDANTS WERE FIDUCIARIES

69. Defendants deny that all Defendants were fiduciaries for all purposes but admit that certain Defendants were fiduciaries for certain purposes.

70. Paragraph 70 states conclusions of law to which no response is required.

71. Paragraph 71 states conclusions of law to which no response is required.

### Defendant Benefits Administrative Committee

72. Defendants admit that the Administrative Committee is the plan administrator and a named fiduciary of the Plan and that the Administrative Committee has the duties and

responsibilities enumerated in the Plan document and the Administrative Committee charter, but Defendants deny that the Administrative Committee has the authority to add or eliminate the YRCW Stock Fund as an investment.

73. Defendants admit that the Administrative Committee has the authority to add or eliminate "Discretionary Funds" from the Plan but deny that the Administrative Committee has the authority to add or eliminate the YRCW Stock Fund as an investment.

74. Defendants admit that the predecessor plans identified in paragraph 74 contained the quoted language but deny that the Administrative Committee had the authority to add or eliminate the YRCW Stock Fund as an investment in those plans.

75. Defendants admit that the predecessor plans identified in paragraph 75 contained the quoted language but deny the remaining allegations of paragraph 75.

76. Defendants admit that the Administrative Committee is a named fiduciary of the Plan. The remainder of paragraph 76 states conclusions of law to which no response is required.

**Defendants Marshall, Kissinger, Churay, Taylor, Wicks, Gaines, Staley Yamasaki, Bruffett, Wise and Liljegren**

77. Defendants admit that the members of the Administrative Committee were fiduciaries for certain purposes during their tenure on the Committee.

**Defendant YRC Worldwide**

78. Defendants admit that certain activities of Plan administration are performed by YRCW employees but deny the remaining allegations of paragraph 78.

79. Defendants admit that the Compensation Committee of the Board of Directors has the authority to appoint and remove members of the Administrative Committee, but deny the remaining allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

81. Defendants deny that YRCW is a fiduciary of the Plan.

**Defendants Michael T. Byrnes, Cassandra C. Carr, Dennis E. Foster & Phillip Meek**

82. Defendants admit that the Compensation Committee members were fiduciaries to the extent they exercised authority to appoint members of the Administrative Committee, but deny the remaining allegations of paragraph 82.

**Director Defendants Zollars, Foster, Dean, Carr, Trubeck, McKelvey, Byrnes, Schultz, Meek and Vogt**

83. Defendants deny that William L. Trubeck, John C. McKelvey, Mark A. Schultz, and Carl W. Vogt are defendants in this action, having not been named individually or served with process. Defendants further deny that these individuals were fiduciaries of the Plan.

**Defendant Zollar**

84. Defendants deny the allegations of paragraph 84.

**ADDITIONAL FIDUCIARY ASPECTS OF DEFENDANTS' ACTIONS/INACTIONS**

85. Paragraph 85 states conclusions of law to which no response is required.

86. Paragraph 86 states conclusions of law to which no response is required.

87. Paragraph 87 states conclusions of law to which no response is required.

88. Paragraph 88 states conclusions of law to which no response is required.

89. Paragraph 89 states conclusions of law to which no response is required.

90. The first portion of Paragraph 90 states conclusions of law to which no response is required. Defendants admit that YRCW issued a Summary Plan Description for the Plan, that the SPD served as a prospectus with respect to interests in the Plan and YRCW stock offered under the Plan, and that the SPD incorporates by reference certain documents filed by YRCW or the Plan with the Securities and Exchange Commission. Defendants deny the remaining allegations of paragraph 90.

91. Defendants admit the allegations of paragraph 91.

92. Defendants deny the allegations of paragraph 92.

93. Defendants deny the allegations of paragraph 93.

94. Paragraph 94 states conclusions of law to which no response is required.

95. Paragraph 95 states conclusions of law to which no response is required.

96. Paragraph 96 states conclusions of law to which no response is required.

97. Paragraph 97 states conclusions of law to which no response is required.

98. Paragraph 98 states conclusions of law to which no response is required.

## SUBSTANTIVE ALLEGATIONS

99. Defendants admit the allegations of paragraph 99.

100. Defendants admit that during the purported class period, YRCW's debt to equity ratio increased and the three major credit rating agencies at certain times reduced YRCW's credit ratings, but deny the remaining allegations of paragraph 100.

101. Defendants deny the allegations of paragraph 101.

### YRCW Suffers Financial Distress

102. Defendants admit that during the purported class period, YRCW has faced competitive challenges due largely to the effects of a slowing U.S. economy and a decline in demand for shipping, but deny the remaining allegations of paragraph 102.

103. Defendants admit that on October 25, 2007, YRCW issued an announcement, which is quoted in paragraph 103. Defendants deny the remaining allegations of paragraph 103.

104. Defendants admit that on October 25, 2007, YRCW issued an announcement, which is quoted or paraphrased in paragraph 104. Defendants further admit that YRCW's stock closed at $25.96 on October 25, 2007. Defendants deny the remaining allegations of paragraph 104.

105. Defendants lack sufficient knowledge as to the source and accuracy of the figure alleged in paragraph 105 and therefore deny the same.

106. Defendants admit that effective December 13, 2007, Standard & Poor's reduced certain of YRCW's credit ratings and to BB+ and that Standard & Poor's considers such a rating non-investment grade. Defendants lack sufficient knowledge as to the sources and accuracy of the statements quoted in paragraph 106 and therefore deny the same.

107. Defendants deny the allegations of paragraph 107.

108. Defendants deny that the Altman Z-Score is an appropriate standard for determining whether YRCW stock should have been an investment option within the Plan.

109. Defendants deny that the Altman Z-Score is an appropriate standard for determining whether YRCW stock should have been an investment option within the Plan.

110. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 110 and therefore deny the same.

111. Defendants admit the allegations of paragraph 111.

112. Defendants admit that effective January 3, 2008, Fitch reduced YRCW's bank loan debt rating to BB+ and that Fitch considers such a rating non-investment grade. Defendants lack sufficient knowledge as to the sources and accuracy of the remaining allegations of paragraph 110 and therefore deny the same.

113. Defendants admit that YRCW stock closed at $13.82 on January 3, 2008.

114. Defendants admit that on January 28, 2008, YRCW issued an announcement, which is quoted or paraphrased in paragraph 114. Defendants deny the remaining allegations of paragraph 114.

115. Defendants admit the allegations of paragraph 115.

116. Defendants admit that effective February 7, 2008, Standard & Poor's reduced YRCW's long-term foreign issuer credit rating and long-term local issuer credit rating to BB.

117. Defendants admit that on April 18, 2008, YRCW issued an announcement, which is quoted or paraphrased in paragraph 117. Defendants deny the remaining allegations of paragraph 114.

118. Defendants admit that effective April 21, 2008, Fitch reduced YRCW's senior unsecured debt rating to BB, Moody's reduced YRCW's senior unsecured debt rating to Ba3, and Moody's reduced YRCW's probability of default rating to Ba2. Defendants deny the remaining allegations of paragraph 118.

119. Defendants admit that on April 24, 2008, YRCW issued an announcement, which is quoted or paraphrased in paragraph 118. Defendants lack sufficient knowledge as to the sources and accuracy of the remaining allegations in paragraph 118 and therefore deny the same.

120. Defendants admit that on July 24, 2008, YRCW issued an announcement, which is quoted or paraphrased in paragraph 120.

121. Defendants admit that effective September 8, 2008, Fitch reduced YRCW's senior unsecured debt rating to BB- and that Fitch considers such a rating non-investment grade.

122. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 122 and therefore deny the same.

123. Defendants admit that on July 24, 2008, YRCW issued an announcement, which is quoted or paraphrased in paragraph 123.

124. Defendants admit that on July 24, 2008, YRCW issued an announcement, which is quoted or paraphrased in paragraph 124. Defendants deny the remaining allegations of paragraph 124.

125. Defendants admit that on October 14, 2008, Fitch lowered YRCW's senior unsecured debt rating to CCC+. Defendants lack sufficient knowledge as to the sources and accuracy of the remaining allegations in paragraph 125 and therefore deny the same.

126. Defendants admit that on October 23, 2008, YRCW issued an announcement, which is quoted or paraphrased in paragraph 126.

127. Defendants admit that on November 12, 2008, Moody's lowered YRCW's senior unsecured debt rating to B2 and its probability of default rating to B1. Defendants deny the remaining allegations of paragraph 127.

128. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 128 and therefore deny the same.

129. Defendants admit that on November 20, 2008, YRCW issued an announcement, which is quoted or paraphrased in paragraph 129. Defendants deny the remaining allegations of paragraph 124.

130. Defendants admit that on December 3, 2008, YRCW issued an announcement, which is quoted or paraphrased in paragraph 130.

131. Defendants admit that on December 4, 2008, Standard & Poor's lowered certain of YRCW's credit ratings to CC and that on December 5, 2008, Moody's lowered certain of YRCW's credit ratings to Ca. Defendants lack sufficient knowledge as to the sources and accuracy of the remaining allegations in paragraph 131 and therefore deny the same.

132. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 132 and therefore deny the same.

133. Defendants admit that on January 8, 2009, YRCW issued an announcement, which is quoted or paraphrased in paragraph 133.

134. Defendants admit that on January 9, 2009, Fitch lowered YRCW's bank loan debt rating to B and its senior unsecured debt rating to C Defendants lack sufficient knowledge as to the sources and accuracy of the remaining allegations in paragraph 134 and therefore deny the same.

135. Defendants admit that on January 29, 2009, YRCW issued an announcement, which is quoted or paraphrased in paragraph 135.

136. Defendants admit the allegations of paragraph 136.

137. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 137 and therefore deny the same.

138. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 138 and therefore deny the same.

139. Defendants admit that on April 7, 2009, a Bloomberg story reported the matters that are quoted or paraphrased in paragraph 139. Defendants admit that it filed a Form 8-K with the SEC on April 7, 2009, but lack sufficient knowledge as to the sources and accuracy of the remaining allegations in paragraph 139 and therefore deny the same.

140. Defendants admit that on April 23, 2009, YRCW issued an announcement, which is quoted or paraphrased in paragraph 140.

141. Defendants admit that on June 18, 2009, YRCW issued an announcement, which is quoted or paraphrased in paragraph 141. Defendants deny the remaining allegations of paragraph 141.

142. Defendants admit that on June 30, 2009, YRCW issued an announcement, which is quoted or paraphrased in paragraph 142.

143. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 143 and therefore deny the same.

144. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 144 and therefore deny the same.

145. Defendants admit the allegations of paragraph 145.

146. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 146 and therefore deny the same.

147. Defendants admit that on November 2, 2009, YRCW announced its intention to launch an exchange offer, the details of which are contained in a press released of the same date, and admit the allegations of paragraph 147 to the extent consistent with the press release. Defendants deny the remaining allegations of paragraph 147.

148. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations in paragraph 148 and therefore deny the same.

149. Defendants lack sufficient knowledge as to the sources and accuracy of the quote contained in paragraph 149 and therefore deny the same. Defendants deny the remaining allegations of paragraph 149.

150. Defendants admit that on November 9, 2009, YRCW issued an announcement, which is quoted or paraphrased in paragraph 150.

151. Defendants admit that the debt-for-equity exchange program increased the number of outstanding shares of YRCW. Defendants lack sufficient knowledge as to the sources and accuracy of the remaining allegations of paragraph 151 and therefore deny the same.

152. Defendants admit that on February 5, 2010, YRCW announced its results of operations and reported the 2009 pre-tax loss and fourth quarter 2009 pre-tax loss alleged in paragraph 152.

153. Defendants deny that the rating agencies have a credit rating "junk bonds."

154. Defendants lack sufficient knowledge as to the sources and accuracy of the allegations of paragraph 154 and therefore deny the same.

155. Defendants deny the allegations of paragraph 155.

156. Defendants admit that YRCW stock no longer trades on NASDAQ but denies that the stock is "untradeable and potentially worthless."

157. Defendants deny the substantive allegations of paragraph 155. With respect to the chart, Defendants lack sufficient knowledge as to the sources and accuracy of the information and therefore deny the same.

**Defendants Knew or Should Have Known That YRCW Stock Was an Imprudent Investment for the Plan, Yet Failed to Plan Participants**

158. Defendants deny the allegations of paragraph 158.

159. Defendants admit that participants invested in YRCW stock within the Plan experienced losses when the stock price declined but deny the remaining allegations of paragraph 159.

160. Defendants deny the allegations of paragraph 160.

161. Defendants deny the allegations of paragraph 161.

162. Defendants deny the allegations of paragraph 162.

163. Defendants deny the allegations of paragraph 163.

164. Defendants deny the allegations of paragraph 164.

165. Defendants deny the allegations of paragraph 165.

166. Defendants deny the allegations of paragraph 166.

167. Defendants deny the allegations of paragraph 167.

**At Least Certain of the Defendants Suffered From Conflicts of Interest**

168. Defendants refer to Form DEF 14A filed on April 1, 2009 and deny the allegations of paragraph 168 to the extent inconsistent therewith.

169. Defendants deny the allegations of paragraph 169.

170. Defendants deny the allegations of paragraph 170.

171. Defendants deny the allegations of paragraph 171.

## CLAIMS FOR RELIEF UNDER ERISA

172. Paragraph 172 states a conclusion of law to which no response is required.

173. Paragraph 173 states a conclusion of law to which no response is required.

174. Paragraph 174 states a conclusion of law to which no response is required.

175. Paragraph 175 states conclusions of law to which no response is required.

176. Paragraph 176 states a conclusion of law to which no response is required.

177. Paragraph 174 states a conclusion of law to which no response is required.

178. Defendants admit this action is brought under ERISA but deny they have violated the statute.

## CAUSES OF ACTION

### A. Count I: Failure to Prudently and Loyally Manage the Plan and Assets of the Plan

179. Defendants incorporate by reference their answers to the paragraphs above.

180. Paragraph 180 states a conclusion of law to which no response is required.

181. Paragraph 181 states conclusions of law to which no response is required.

182. Paragraph 182 states conclusions of law to which no response is required.

183. Defendants deny the allegations of paragraph 183.

184. Paragraph 184 states conclusions of law to which no response is required.

185. Defendants deny the allegations of paragraph 185.

186. Defendants deny the allegations of paragraph 183.

187. Defendants admit that the stock of a single company is particularly risky and volatile, but deny the remaining allegations of paragraph 187.

188. Defendants deny the allegations of paragraph 188.

189. Defendants deny the allegations of paragraph 189.

190. Paragraph 190 states conclusions of law to which no response is required.

191. Paragraph 191 states conclusions of law to which no response is required.

192. Paragraph 192 states conclusions of law to which no response is required.

193. Defendants deny the allegations of paragraph 193.

194. Defendants deny the allegations of paragraph 194.

195. Defendants deny the allegations of paragraph 195.

196. Defendants deny the allegations of paragraph 196.

197. Defendants deny the allegations of paragraph 197.

198. Paragraph 198 states conclusions of law to which no response is required.

199. Defendants deny the allegations of paragraph 199.

200. Defendants deny the allegations of paragraph 200.

201. Defendants deny the allegations of paragraph 201.

202. Defendants deny the allegations of paragraph 202.

203. Defendants deny the allegations of paragraph 203.

**B. Count II: Breach of Duty to Avoid Conflicts of Interest**

204. Defendants incorporate by reference their answers to the paragraphs above.

205. Paragraph 205 states a conclusion of law to which no response is required.

206. Paragraph 206 states conclusions of law to which no response is required.

207. Paragraph 207 states conclusions of law to which no response is required.

208. Defendants deny the allegations of paragraph 208.

209. Defendants deny the allegations of paragraph 209.

210. Defendants deny the allegations of paragraph 210.

211. Defendants deny the allegations of paragraph 211.

**C. Count III: Failure to Monitor Fiduciaries**

212. Defendants incorporate by reference their answers to the paragraphs above.

213. Paragraph 213 states a conclusion of law to which no response is required.

214. Paragraph 214 states conclusions of law to which no response is required.

215. Paragraph 215 states conclusions of law to which no response is required.

216. Paragraph 216 states conclusions of law to which no response is required.

217. Paragraph 217 states conclusions of law to which no response is required.

218. Paragraph 218 states conclusions of law to which no response is required.

219. Defendants deny the allegations of paragraph 219.

220. Defendants deny the allegations of paragraph 220.

221. Defendants deny the allegations of paragraph 221.

**D. Count IV: Co-Fiduciary Liability**

222. Defendants incorporate by reference their answers to the paragraphs above.

223. Paragraph 223 states a conclusion of law to which no response is required.

224. Paragraph 224 states conclusions of law to which no response is required.

225. Paragraph 225 states conclusions of law to which no response is required.

226. Paragraph 226 states conclusions of law to which no response is required.

227. Defendants deny the allegations of paragraph 227.

228. Paragraph 228 states conclusions of law to which no response is required.

229. Paragraph 229 states conclusions of law to which no response is required.

230. Defendants deny the allegations of paragraph 230.

231. Defendants deny the allegations of paragraph 231.

232. Defendants deny the allegations of paragraph 232.

**JURY DEMAND**

Defendants deny that Plaintiffs have a right to a jury trial under ERISA.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any relief.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

As their affirmative defenses, Defendants state the following:

**FIRST DEFENSE**

The claims of Plaintiffs and each member of the putative class are barred, in whole or in part, by ERISA § 404(c), 29 U.S.C. § 1104(c).

**SECOND DEFENSE**

To the extent the defense provided by ERISA § 404(c), 29 U.S.C. § 1104(c) does not apply, Plaintiffs and each member of the putative class acted as fiduciaries when they directed the investment of funds allocated to their account(s) and are therefore liable for any claimed losses.

**THIRD DEFENSE**

Plaintiffs' claims are barred by the releases and waivers they signed upon terminating their employment with YRCW or its affiliate.

**FOURTH DEFENSE**

Plaintiffs and each member of the putative class have proximately caused, contributed to, or failed to mitigate any and all losses claimed by them and, as such, Defendants did not cause "any losses to the Plan" under ERISA § 409(a), 29 U.S.C. § 1109(a).

**FIFTH DEFENSE**

Any losses alleged by Plaintiff and each member of the putative class were not caused by any fault, act or omission by Defendants, but were caused by circumstances, entities or persons, including Plaintiff and each member of the putative class, for which Defendants are not responsible and cannot be held liable.

**SIXTH DEFENSE**

ERISA § 514(d), 29 U.S.C. § 1144(d), prohibits ERISA from being used to alter, modify, or impair federal securities law or other federal laws.

**SEVENTH DEFENSE**

Any fiduciary decisions being challenged are entitled to deference, and are subject to review only for abuse of discretion.

**EIGHTH DEFENSE**

Fiduciaries are not required or permitted to violate the securities laws, or any other law, to satisfy their fiduciary obligations.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

WHEREFORE, Defendants pray that the Consolidated Complaint be dismissed with prejudice and that they be awarded their costs and attorney's fees and such other relief as the Court deems just and proper.

Dated: November 29, 2010

Respectfully submitted,

/s/ James D. Griffin
James D. Griffin, Kansas Bar #12545
David M. Buffo, Kansas Bar # 21399
**HUSCH BLACKWELL LLP**
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8199
Email: james.griffin@huschblackwell.com

Charles C. Jackson
**MORGAN, LEWIS & BOCKIUS LLP**
77 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 324-1000
Email: charles.jackson@morganlewis.com

Christopher A. Weals
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Email: cweals@morganlewis.com

Ellen L. Perlioni
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201
Telephone: (214) 466-4000
Email: ellen.perlioni@morganlewis.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

The Undersigned hereby certifies that on the 29th day of November, 2010, a true and accurate copy of Defendants' Answer and Affirmative Defenses, was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification to the following: :

Don R. Lolli
Patrick J. Kaine
Email - dlolli@dysarttaylor.com
pkaine@dysarttaylor.com

Gregory M. Egleston
Email - greg.egleston@gmail.com

Seth D. Rigrodsky
Brian D. Long
Email - sdr@rigrodskylong.com
bdl@rigrodskylong.com

Timothy J. MacFall
Email - tjm@rigrodskylong.com

Robert A. Izard
William Bernarduci
Email - rizard@izardnobel.com
wbernarduci@izardnobel.com

Edward W. Ciolko
Peter Muhic
Mark K. Gyandoh
Email - eciolko@btkmc.com
pmuchic@btkmc.com
mgyandoh@btkmc.com

Stephen J. Fearon, Jr.
Garry T. Stephens, Jr.
Email - stephen@sfclasslaw.com
garry@sfclasslaw.com

/s/ James D. Griffin