IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: YRC WORLDWIDE, INC. )
ERISA LITIGATION, )  Case No. 09-2593-JWL
_____)

## <u>MEMORANDUM AND ORDER</u>

Participants in an employee retirement savings plan have brought this putative class action under the federal Employee Retirement Income Security Act (ERISA). The matter is presently before the Court on defendants' motion to strike plaintiffs' jury demand (Doc. # 72). For the reasons set forth below, the Court **grants** the motion and strikes plaintiffs' demand for a jury trial in this case.

By their complaint, plaintiffs seek relief pursuant to ERISA § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3). Section 502(a)(2) authorizes an action by a plan participant for relief under Section 409 of ERISA. *See id.* § 1132(a)(2). Section 409, in turn, provides that a fiduciary who has breached its duties under ERISA "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate." *Id.* § 1109(a). Section 502(a)(3) authorizes an action by a plan participant to enjoin violations of ERISA or to obtain other appropriate equitable relief. *See id.* § 1132(a)(3). In this action, plaintiffs seek "actual damages" to be paid to the plan to restore the loss in the value of the plan's assets resulting from defendants' alleged breaches of their fiduciary duties. Plaintiffs also seek other declaratory and equitable

relief, including a declaration of breach, a constructive trust on amounts by which

defendants were unjustly enriched, an injunction against further violations, and an order

requiring appointment of independent fiduciaries. Plaintiffs argue that, because they

have sought legal relief in the form of damages, they are entitled to a jury trial under the

Seventh Amendment to the Constitution.[1]

In 1997, this Court noted that, although the Tenth Circuit had not addressed the

question, nine other circuits had held that there is no right to a jury trial for ERISA

claims. *See Clevinger v. Trans World Airlines, Inc.*, 1997 WL 540795, at *3 & n.1 (D.

Kan. Aug. 19, 1997) (Lungstrum, J.). The following year, the Tenth Circuit ruled that

the Seventh Amendment did not entitle a plaintiff to a jury trial on a claim for benefits

under Section 502(a)(1) of ERISA. *See Adams v. Cyprus Amax Minerals Co.*, 149 F.3d

1156 (10th Cir. 1998). Nevertheless, plaintiffs argue that they have brought a legal

claim requiring a jury trial—specifically their claim for monetary relief for breach of

fiduciary duty under Section 502(a)(2)—in light of language in the Supreme Court's

opinion in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002).

In *Adams*, the Tenth Circuit summarized the Supreme Court's test for applying

the Seventh Amendment as follows:

---

[1]Plaintiffs have not argued that ERISA itself provides a right to a jury trial. *See Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1159-60 (10th Cir. 1998) (noting the lack of an express statutory right to a jury trial in ERISA or any evidence of Congressional intent to grant such a right). Thus, the Court analyzes the issue only under the Seventh Amendment.

The Seventh Amendment preserves the right of trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. The United States Supreme Court has long interpreted "Suits at common law" to include suits in which *legal* rights were to be ascertained and determined, in contra-distinction to those where equitable rights alone were recognized, and equitable remedies were administered. Accordingly, the Seventh Amendment applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty. To determine whether a particular statutory action more closely resembles an 18th century case tried in a court of law or one tried in a court of equity, we must examine both the nature of the statutory action and the remedy sought. The more important factor is whether the remedy sought is legal or equitable in nature.

*Adams*, 149 F.3d at 1159 (citations and internal quotations omitted).

The first factor in the Supreme Court's test—the nature of the action—weighs against applying the Seventh Amendment in this case. In *Adams*, the Tenth Circuit noted that courts have consistently characterized ERISA actions as akin to common law trust actions that are governed by common law trust principles. *See id.* at 1160-61. The court then followed those other courts, in light of the trust law underpinning the plaintiffs' breach of fiduciary claims and the fact that the threshold determination of the plaintiffs' eligibility to receive assets held in trust (i.e., benefits) had to be guided by trust law principles. *See id.* at 1161. Indeed, the Supreme Court has noted, in considering ERISA, that "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust," including claims for money damages against the trustee. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993) (citations omitted). Plaintiffs in this case do not dispute that under the first step in the Seventh Amendment

3

analysis, their ERISA claims for breach of fiduciary duty are analogous to claims under trust law that have traditionally been decided by courts of equity.

Plaintiffs argue, however, that under the more-important second step of the analysis, the Court should deem their claim for monetary relief to be legal in nature. It is true that "[g]enerally, an action for money damages was the traditional form of relief offered in the courts of law." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990). Nevertheless, the Supreme Court has recognized two exceptions to that general rule: first, the Court has characterized damages as equitable "where they are restitutionary, such as in actions for disgorgement of improper profits;" and second, "a monetary award incidental to or intertwined with injunctive relief may be equitable." *Id.* at 570-71 (citations and internal quotations omitted); *see also Adams*, 149 F.3d at 1161-62 (noting and applying these two exceptions).

Plaintiffs have generally addressed only the first exception, arguing that their claim for money damages is a legal claim because they do not seek true restitution in this case. In *Adams*, the Tenth Circuit concluded that the plaintiff's claim for benefits was restitutionary, as it intended the "taking from the defendant and restoring to the plaintiff something to which the plaintiff is entitled." *See Adams*, 149 F.3d at 1162 (quoting Restatement (First) of Restitution Pt. I, Ch. 8, To. 2, Intro. Note (1937)). In this case, then, plaintiffs' claim would be restitutionary (and thus equitable) because they are seeking money from defendants to be placed into the plan assets, held in trust, to restore to the plan money lost as a result of the alleged breaches, to which the plan is entitled.

4

*See* Restatement (First) of Restitution Pt. I, Ch. 8, To. 2, Intro. Note (measure of restitution can include the amount of loss to the plaintiff, even if that amount exceeds the amount of the defendant's gain); *White v. Martin*, 2002 WL 598432, at *4 (D. Minn. Apr. 12, 2002) (claim for restoration of assets lost because of breach of fiduciary duty is restitutionary and thus is not a legal claim for purposes of Seventh Amendment).

Plaintiffs argue that the Supreme Court's opinion in *Great-West* affects the analysis of this first exception relating to restitution. In *Great-West*, a plan insurer sought reimbursement of benefits paid to a participant to account for settlement proceeds received by the participants from another party. *See Great-West*, 534 U.S. 204. In that opinion, the Supreme Court was not considering the Seventh Amendment or the right to a jury trial; rather, the Court considered whether the insurer's claim was equitable and therefore authorized by ERISA § 502(a)(3). *See id.* The Court noted that a claim for restitution could be at law, for a judgment imposing a personal liability to pay a sum of money; or at equity, ordinarily in the form of a constructive trust or equitable lien. *See id.* at 213. The Court stated that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *See id.* at 214. The Court concluded that because the plaintiff did not claim that the defendants held particular funds belonging to the plaintiff, the restitution sought "is not equitable—the imposition of a constructive trust or equitable lien on particular property—but legal—the imposition of personal liability for the benefits." *See id.*

Plaintiffs rely primarily on two cases in arguing that this definition of restitution in *Great-West* alters the Seventh Amendment analysis. In the first case, *Pereira v. Farace*, 413 F.3d 330 (2d Cir. 2005), the Second Circuit concluded that the plaintiff was entitled to a jury trial under the Seventh Amendment on his claim for common-law breach of fiduciary duty. *See id.* at 337-41. The court read the language from *Great-West* broadly to mean that, even in the Seventh Amendment context, a fiduciary duty claim is not truly restitutionary, and thus is legal, if the defendants did not personally possess the disputed funds. *See id.* at 339-41. In the second case, *Bona v. Barasch*, 2003 WL 1395932 (S.D.N.Y. Mar. 20, 2003), the court reached the same conclusion in the ERISA context, ruling that the plaintiff's claim was legal and not truly restitutionary because the plaintiff did not seek identifiable property in the hands of the defendant trustees. *See id.* at *12, 34. The *Bona* court conceded that most courts "have concluded that plaintiffs have no right to a jury trial in actions brought under section 502(a)(2)," but it nonetheless diverged from that majority in light of the language in *Great-West*. *See id.* at *34; *see also Allard v. Coenen (In re Trans-Industries, Inc.)*, No. 07-6790, slip op. at 4-5 (Bankr. E.D. Mich. Jan. 14, 2010) (following *Bona*); *Phones Plus, Inc. v. Hartford Fin. Servs. Group, Inc.*, No. 3:06-cv-1835, slip op. at 6-7 (D. Conn. Sept. 29, 2008) (following *Pareira*); *Kirse v. McCullough*, 2005 U.S. Dist. LEXIS 17023, at *8-9 (W.D. Mo. May 12, 2005) (following *Bona*).

Relying on these cases, plaintiffs argue that the same result is appropriate here. Plaintiffs contend that, although they are seeking to force defendants to restore to the

plan's fund the amount lost by that fund, they are not seeking to disgorge from defendants particular funds that defendants removed from the fund. Thus, plaintiffs argue that, under the language of *Great-West*, they do not seek equitable restitution, and their claim should therefore be deemed a legal one.

The Court does not agree that, by this language of *Great-West*, the Supreme Court has overturned the traditional view that plaintiffs' claims are equitable claims arising under trust law for purposes of the Seventh Amendment. As has been noted by other courts that have rejected this same argument based on *Great-West*, that case hardly governs the present situation, as it did not involve the right to a jury trial under the Seventh Amendment; it did not involve Section 502(a)(2) of ERISA; and it did not involve a claim against a trustee or fiduciary who had breached duties to participants or beneficiaries. *See, e.g.*, *Canestri v. NYSA-ILA Pension Trust Fund and Plan*, 2009 WL 3698111, at *1-2 (D.N.J. Nov. 5, 2009); *George v. Kraft Foods Global, Inc.*, 2008 WL 780629, at *3-5 (N.D. Ill. Mar. 20, 2008); *Ellis v. Rycenga Homes, Inc.*, 2007 WL 1032367, at *3-4 (W.D. Mich. Apr. 2, 2007); *White*, 2002 WL 598432, at *3-4. The Court agrees with the *Ellis* court, which refused to accept that, after *Great-West*, "a surcharge action against a fiduciary seeking payment to the trust estate arising from the fiduciary's breach of duty is a 'suit at common law' within the meaning of the Seventh Amendment, even though no common-law court in the colonial Anglo-American legal system would ever have entertained such a suit or granted such relief." *Ellis*, 2007 WL 1032367, at *4.

Moreover, in *Great-West*, the Supreme Court was considering a claim more akin to a breach of contract action, arising from a contractual duty instead of a fiduciary duty, and the Court quite unremarkably determined that such a claim was a legal claim, distinguished from equitable claims that ordinarily involved imposition of constructive trusts. *See Great-West*, 534 U.S. at 213-14. The claim in the present case, on the other hand, is essentially a claim for breach of trust arising from a non-contractual, fiduciary duty. Equally applicable here is the following reasoning by the court in *White*:

> In the present case, unlike *Great-West*, the lawsuit is not over a contract to pay money separate from plan benefits. Rather, White is suing Martin for precisely the type of restitution that *Great-West* held is equitable—White accuses Martin of "hold[ing] particular funds that, in good conscience, belong" to him and other members of the Plan. [*Great-West*, 534 U.S. at 213-14.] Therefore, *Great-West* does not change this court's conclusion that White's action is equitable, and does not merit a jury trial.

*White*, 2002 WL 598432, at *4.

In addition, even if the Court were to accept plaintiffs' argument that *Great-West* provided a new, narrow definition of equitable restitution that the Supreme Court intended to apply also to its first exception to the general rule that a monetary claim is a legal one under the Seventh Amendment (the Court does not accept that argument), it would nonetheless conclude that plaintiffs' claim for monetary relief in the present case is equitable under the Supreme Court's second exception. As set forth above, the Supreme Court has recognized that, for purposes of the Seventh Amendment, "a monetary award incidental to or intertwined with injunctive relief may be equitable."

8

*See Terry*, 494 U.S. at 571.[2]

The Tenth Circuit concluded that this exception applied in *Adams* because the plaintiffs there had no entitlement to monetary benefits "unless and until a court exercise[d] its equitable powers to declare Plaintiffs eligible beneficiaries of the plan and thus order Defendants, as fiduciaries, to pay benefits." *See Adams*, 149 F.3d at 1161. Thus, because the plaintiffs had no claim for money damages absent a favorable equitable ruling on the root issue of eligibility, "their claim for monetary relief [was] inextricably intertwined with equitable relief." *See id.* at 1162. Similarly, in the present case, plaintiffs would not be entitled to money damages on behalf of the plan until they obtained a ruling that defendants breached their fiduciary duties—an issue traditionally within the Court's equitable domain. Thus, plaintiffs' monetary claim here is inextricably intertwined with equitable claims, and so must be deemed equitable as well for purposes of applying the Seventh Amendment. *See Broadnax Mills, Inc. v. Blue Cross and Blue Shield of Va.*, 876 F. Supp. 809, 816 (E.D. Va. 1995) ("In actions under § 1132(a)(2), any entitlement to monetary relief necessarily turns upon whether or not the fiduciary has breached its ERISA duties; thus, any relief sought is necessarily

_____

[2]Plaintiffs have not addressed this second exception, except to cite to the case of *Lamberty v. Premier Millwork and Lumber Co.*, 329 F. Supp. 2d 737 (E.D. Va. 2004). In that case, the court noted that "in some cases a request for legal relief may be intertwined with equitable remedies, rendering the overall nature of the relief equitable," but it concluded that such circumstances were not present in that case, in which the plaintiff did not seek equitable remedies of any kind. *See id.* at 745. The Court concludes that, under the governing Tenth Circuit law, such circumstances are indeed present here.

intertwined with the equitable process of resolving the ultimate issue—whether or not there has been a breach of fiduciary duty.").

This conclusion is bolstered by a consideration of the traditional nature of the precise remedy sought by plaintiffs in this case—the essential inquiry in applying the second step in the Supreme Court's Seventh Amendment analysis. As the Tenth Circuit and the Supreme Court has noted, ERISA is founded upon principles of trust law, *see Adams*, 149 F.3d at 1161 (citing *Terry*, 494 U.S. at 567), and the Restatement makes clear that a claim against a trustee for breach of trust to recover the resulting loss in value of the trust estate is an equitable remedy, not a legal one. *See* Restatement (Second) of Trusts §§ 197, 198, 205; *see also Broadnax*, 876 F. Supp. at 816 n.10 ("An examination of ERISA § 1109, the fiduciary liability provision, underscores this principle as the monetary remedies provided therein generally mirror the relief provided in the Restatement (Second) of Trusts."). Thus, the monetary remedy pursued by plaintiffs in this case is traditionally equitable in nature.

Accordingly, the Court concludes that, if confronted with the question, the Tenth Circuit would hold that the Seventh Amendment does not grant plaintiffs a right to a jury trial on their claim for monetary damages in this case. Plaintiffs' other claims for relief are clearly equitable in nature. The Court therefore concludes that there is no Seventh Amendment right to a jury trial in this case, and it grants defendants' motion to strike plaintiffs' jury demand.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to strike plaintiffs' jury demand (Doc. # 72) is **granted**.

IT IS SO ORDERED.

Dated this 29th  day of November, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge