# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | : | |
|---|---|---|
| IN RE: YRC WORLDWIDE, INC. ERISA LITIGATION | : : : | Case No. 09-cv-02593 JWL/JPO |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, MODIFYING CLASS CERTIFICATION FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the Yellow Roadway Corporation Retirement Savings Plan, the New Penn Motor Express, Inc. 401(k) Retirement Plan, the YRC Regional Transportation, Inc. 401(k) Plan and the YRC Worldwide Inc. 401(k) Plan (collectively, the "Plan" or "Plans").

The terms of the settlement are set out in the Class Action Settlement Agreement fully executed as of October 31, 2011 (the "Settlement"), by counsel on behalf of the Plaintiffs and the Defendants.[1]

Pursuant to Plaintiffs' Motion for Preliminary Approval, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

---

[1]  Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1

1. **Class Certification.** The Court previously certified this Action as a class action pursuant to FED. R. CIV. P. 23. On April 6, 2011, the Court issued its order certifying the following Class under FED. R. CIV. P. 23(b)(1):

> All persons, excluding Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between October 25, 2007 and the present (the "Class Period") and whose Plan accounts included investments in YRCW common stock (directly and/or through shares in the YRCW Company Stock Fund).

(a) In connection with the Settlement, Plaintiffs have requested, and Defendants do not oppose, modification of the certified class for settlement purposes only as follows:

> All persons, excluding Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between October 25, 2007 and June 8, 2011 and whose Plan accounts included investments in YRCW common stock (directly and/or through shares in the YRCW Stock Fund).

(b) Accordingly, the Court, in conducting the settlement approval process required by FED. R. CIV. P. 23, preliminarily modifies the definition of the certified class, solely for purposes of settlement, as set forth in section 1(a) above under FED. R. CIV. P. 23(b)(1) (the "Settlement Class").

(c) Further, the Court in its April 6, 2011 Order appointed Eva L. Hanna, Daniel J. Cambra and Patrick M. Couch as class representatives. The Court also appointed Kessler Topaz Meltzer & Check, LLP and Izard Nobel as Co-Lead Counsel for the certified class and Dysart Taylor Lay Cotter & McMonigle P.C. as Liaison Class Counsel. For the same reasons as expressed in its April 6, 2011 Order, the Court appoints the Named Plaintiffs as the representatives for the Settlement Class and Co-Lead Class Counsel and Liaison Class Counsel as counsel for the Settlement Class.

2. **Preliminary Findings Regarding Proposed Settlement** – The Court

preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims, (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.  Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

    3.    **Fairness Hearing** – A hearing is scheduled for February 28, 2012 at 10:30 a.m. (the "Fairness Hearing"*)* to determine, among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether the notice method proposed by the Parties: (i) constitutes the best practicable notice, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Fairness Hearing, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether any application(s) for attorneys' fees and expenses and Case Contribution Awards to the Named Plaintiffs is fair and reasonable and should be approved.

4. **Class Notice** – The Plaintiffs have presented to the Court a proposed form of Notice, appended hereto as Exhibit A. The Court finds that such form fairly and adequately: (a) describes the terms and effect of the Settlement and the Plan of Allocation, (b) notifies the Class that Class Counsel will seek attorneys' fees and reimbursement of expenses from the Settlement Fund, and for Case Contribution Awards up to $5000 for each of the Named Plaintiffs for their service in such capacity, (c) gives notice to the Class of the time and place of the Fairness Hearing, and (d) describes how the recipients of the Notice may object to any of the relief requested. The Plaintiffs have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

- By no later than January 14, 2012, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by internet notice and mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort. Within thirty (30) days of the Agreement Execution Date, Defendants shall confirm that YRC Worldwide, Inc. has provided Class Counsel,

4

in electronic format, the names and last known addresses of the Class members and timely respond to any reasonable written requests for accessible data in YRC Worldwide, Inc. or the Plan trustee's/record keeper's (past or present) custody or control necessary to effectuate notice and implement, enforce or determine the administrability of a Plan of Allocation (as described and/or provided for herein).

5.     **Objections to Settlement** – Any member of the Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for Case Contribution Awards for the Named Plaintiffs may file an objection.  An objector must file with the Court Clerk a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.  The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for the Defendants.  The addresses for filing objections with the Court and service on counsel are as follows:

*For Filing:*

> Clerk of the U.S. District Court for the District of Kansas,
> 500 State Ave.
> 259 U.S. Courthouse
> Kansas City, Kansas 66101
> Re: *In re YRC Worldwide, Inc. ERISA Litigation*, No. 09-cv-02593 JWL/JPO

*To Class Counsel:*

> Edward W. Ciolko
> Kessler Topaz Meltzer
>    & Check, LLP
> 280 King of Prussia Road
> Radnor, PA 19087

5

>Robert A. Izard
>Izard Nobel LLP
>29 South Main St., Suite 215
>West Hartford, CT 06107

*To Defendants' Counsel:*

>Charles C. Jackson
>Morgan, Lewis & Bockius, LLP
>77 West Wacker Drive, 5th Floor
>Chicago, IL 60601

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than February 7, 2012. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than February 14, 2012. Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.

6.      **Appearance at Fairness Hearing** – Any objector who files and serves a timely, written objection in accordance with paragraph 5 above may also appear at the Settlement Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than February 14, 2012. Any objector who does not timely file and serve

a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown.

7. **Notice Expenses** – The expenses of providing all notices required hereby shall be paid from the Settlement Fund.

8. **Service of Papers** – Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

9. **Termination of Settlement** – This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of June 7, 2011, the day immediately before the Parties reached agreement to settle the Action, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

10. **Use of Order** – This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing.  This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated.  Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.  Neither the fact of, nor any provision

contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

11. **Jurisdiction** – The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

12. **Continuance of Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this 22nd of November, 2011.

s/ John W. Lungstrum

HON. JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE