UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| IN RE: YRC WORLDWIDE, INC. ERISA LITIGATION | : : : : | Case No. 09-cv-02593 JWL/JPO |

# NOTICE OF CLASS ACTION SETTLEMENT

## Your legal rights might be affected if you are a member of the following class:

ALL PERSONS, EXCLUDING DEFENDANTS AND THEIR IMMEDIATE FAMILY MEMBERS, WHO WERE PARTICIPANTS IN OR BENEFICIARIES OF THE PLANS, AT ANY TIME BETWEEN OCTOBER 25, 2007 AND JUNE 8, 2011 AND WHOSE PLAN ACCOUNTS INCLUDED INVESTMENTS IN YRCW COMMON STOCK (DIRECTLY AND/OR THROUGH SHARES IN THE YRCW STOCK FUND).

**A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION FROM A LAWYER.
YOU HAVE NOT BEEN SUED.**

- U.S. District Court Judge John W. Lungstrum of the United States District Court, District of Kansas (the "Court") has preliminarily approved a proposed settlement of a class action lawsuit brought under the Employee Retirement Income Security Act (often referred to as ERISA) (the "Settlement"). The Settlement will provide for payments to the Plans and for allocation of those payments to the accounts of members of the Settlement Class who had portions of their Plan accounts invested in the YRC Worldwide, Inc. Stock Fund ("YRCW Stock Fund"). The Settlement is summarized below. The Plans covered by the Settlement are the Yellow Roadway Corporation Retirement Savings Plan, the New Penn Motor Express, Inc. 401(k) Retirement Plan, the YRC Regional Transportation, Inc. 401(k) Plan and the YRC Worldwide Inc. 401(k) Plan.

- The Court has scheduled a hearing (the "Fairness Hearing") to consider the Settlement and Named Plaintiffs' motion for attorneys' fees and expenses and for compensation to the Named Plaintiffs. The Fairness Hearing before U.S. District Judge John W. Lungstrum has been scheduled for [DATE], at [Time] in the [Floor] Floor Courtroom of the United States District Court, District of Kansas, 500 State Ave., 259 U.S. Courthouse, Kansas City, Kansas 66101.

- Any objections to the Settlement or the motion for attorneys' fees and expenses and for Case Contribution Awards to the Named Plaintiffs must be served in writing on Class Counsel identified on page 13 of this Class Notice. The procedure for objecting is described below.

**QUESTIONS? CALL [number] TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.**

- This Class Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Class Action Settlement Agreement And Release governing the Settlement with all Defendants (the "Settlement Agreement" or "Agreement"). Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, as well as additional information with respect to this lawsuit and the Settlement, are available at an Internet site dedicated to the Settlement – **www.YRCWorldwideERISAsettlement.com.**

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **YOU ARE NOT REQUIRED TO DO ANYTHING.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to do anything to receive a payment. The portion, if any, of the Settlement Fund to be allocated to your Plan account will be calculated as part of the implementation of the Settlement. |
| **NO ACTION IS NECESSARY TO RECEIVE PAYMENT.** | If you are currently participating in one of the Plans and are a member of the Settlement Class, any share of the Settlement Fund to which you are entitled will be deposited into your Plan account. If you no longer are a Plan participant and are a member of the Settlement Class, any share of the Settlement Fund to which you are entitled will be deposited in a Plan account that will be established for you, if necessary, and you will be notified of such account. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY [DATE].** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. |
| **YOU MAY ATTEND A FAIRNESS HEARING TO BE HELD ON [DATE].** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Fairness Hearing about the Settlement and present your objections to the Court. You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file written comments in advance of the Fairness Hearing. |

■ These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

2
**QUESTIONS? CALL [number] TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.**

- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding the litigation and this Notice may be obtained by contacting Class Counsel:

|  |  |
|---|---|
| **IZARD NOBEL LLP** | **KESSLER, TOPAZ, MELTZER & CHECK, LLP** |
| Attn: Wayne T. Boulton, Esq. | Attn: Edward Ciolko, Esq. |
| 29 South Main Street, Suite 215 | 280 King of Prussia Road |
| West Hartford, CT 06107 | Radnor, PA 19087 |

Class Counsel have established a toll-free phone number to receive your comments and questions: [number]. You may also send an email to info@ktmc.com and firm@izardnobel.com. You should contact Class Counsel with any questions regarding this Settlement, not the Court.

## WHAT THIS NOTICE CONTAINS

SUMMARY OF SETTLEMENT ..................................................................................................... 5
BASIC INFORMATION ............................................................................................................... 6
    1. Why did I get this Notice package? ........................................................................... 6
    2. What is the lawsuit about? ......................................................................................... 7
    3. Why is this case a class action? ................................................................................. 9
    4. Why is there a Settlement? ........................................................................................ 9
    5. How do I know whether I am part of the Settlement? ............................................. 10
THE SETTLEMENT BENEFITS - WHAT YOU GET ....................................................................... 10
    6. What does the Settlement provide? .......................................................................... 10
    7. How much will my payment be? ............................................................................. 11
    8. How can I get a payment? ....................................................................................... 12
    9. When will I get my payment? ................................................................................. 12
    10. Can I get out of the Settlement? .............................................................................. 13
THE LAWYERS REPRESENTING YOU ........................................................................................ 13
    11. Do I have a lawyer in the case? ............................................................................... 13
    12. How will the lawyers be paid? ................................................................................. 13
    13. How do I tell the Court that I don't like the Settlement? ........................................ 14

3
QUESTIONS?  CALL **[number]** TOLL FREE, OR VISIT
**www.YRCWorldwideERISAsettlement.com**.
**Do not call the Court or YRC Worldwide, Inc. with your questions.**

**THE COURT'S FAIRNESS HEARING**     **14**

   14.  When and where will the Court decide whether to approve the Settlement?........... 14

   15.  Do I have to come to the Fairness Hearing?.................................................................... 15

   16.  May I speak at the Fairness Hearing? ........................................................................... 15

**IF YOU DO NOTHING**     **15**

   17.  What happens if I do nothing at all?............................................................................. 15

**GETTING MORE INFORMATION**     **15**

   18.  Are there more details about the Settlement?............................................................... 15

QUESTIONS?  CALL **[number]** TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.

**SUMMARY OF SETTLEMENT**

**This litigation (the "Action") is a consolidated case in which Named Plaintiffs allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plans under ERISA arising from the Plans' investments in the YRCW Stock Fund during the relevant time period. Copies of the Complaint and other documents filed in the Action are available at www.YRCWorldwideERISAsettlement.com or from Class Counsel.**

**The Defendants strongly disagree with the allegations made by Named Plaintiffs in this Action and deny breaching any fiduciary duties. Based solely on the uncertainties of litigation and the inherent cost of protracted litigation, Defendants have agreed to settle the Action.**

A Settlement Fund consisting of six million five hundred thousand dollars ($6,500,000) is being established in the Action. The net amount in the Settlement Fund, including interest, and after payment of any taxes, expenses incurred in calculating, satisfying and administering the Settlement, approved attorneys' fees and costs, and payment of Case Contribution Awards to the Named Plaintiffs, will be paid to the Plans and be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court.

### Statement of Potential Outcome of the Action

Defendants strongly dispute the claims asserted in the Action. Further, as with any litigated case, the Named Plaintiffs would face an uncertain outcome if the Action were to continue. Continued litigation could result in a judgment or verdict greater or lesser than $ 6.5 million, or in no recovery at all.

The Plaintiffs and the Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs were to prevail at trial. The Defendants have denied and continue to deny all claims and contentions alleged by the Named Plaintiffs. The Defendants deny that they are liable to the Settlement Class, deny and that the Settlement Class or the Plans have suffered any damages for which the Defendants could be legally responsible. Nevertheless, having considered the uncertainty and risks inherent in any litigation, particularly in a complex case such as this, the Named Plaintiffs and the Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

### Statement of Attorneys' Fees and Costs Sought in the Action

Class Counsel in the Action will apply to the Court for an order awarding attorneys' fees not in excess of thirty three percent (33%) of the amount recovered in the Settlement, plus reimbursement of expenses. Any amount awarded will be paid from the proceeds of the Settlement Fund. Defendants will take no position on this application and have no responsibility for payment of such fees and expenses.

5
**QUESTIONS? CALL [number] TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.**

**What Will the Named Plaintiffs Get?**

The Named Plaintiffs will share in the net Settlement amount paid to the Plans on the same basis as all other members of the Settlement Class. In addition, the Named Plaintiffs will ask the Court for a case contribution award of up to $5,000 each for their representation of the Settlement Class. Any compensation awarded to Named Plaintiffs by the Court will be paid from the proceeds of the Settlement Fund.

### BASIC INFORMATION

#### 1. Why did I get this Notice package?

You or someone in your family may have been a participant in or beneficiary of one of the Plans during **the period from October 25, 2007 through June 8, 2011 ("Class Period")**.

The Court directed that this Notice be sent to you because, if you fall within the definition of the Settlement Class, you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be paid to the Plans and then allocated among Class members according to a Court-approved Plan of Allocation. This Notice package describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the District of Kansas. The people who sued are called the "Plaintiffs" or the "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs in the Action are Eva L. Hanna, Daniel J. Cambra and Patrick M. Couch. The Defendants are: YRC Worldwide, Inc. ("YRCW"), Benefits Administration Committee, Harold D. Marshall, James G. Kissinger, Daniel J. Churay, Sheila Taylor, Timothy A. Wicks, Phil Gaines, James Staley, Steve Yamasaki, Steve Bruffett, Christina Wise, Paul F. Liljegren, Michael T. Byrnes, Cassandra C. Carr, Dennis E. Foster, Phillip J. Meek, and William D. Zollars (collectively, the "Individual Defendants"). The consolidated Action is known as In re YRC Worldwide, Inc. ERISA Litigation, No. 09-cv-02593 JWL/JPO.

#### 2. What is the Action about?

The Action claims that, under ERISA, the Defendants owed fiduciary duties of loyalty, care and prudence to the Plans, and that they violated those duties in connection with the Plans' investments in the stock of YRC Worldwide, Inc.

Named Plaintiffs allege that Defendants violated ERISA by, among other things: (1) continuing to invest the Plans' assets in YRCW stock when it was imprudent to do so; (2) failing to provide complete and accurate information to the Plans' participants regarding the YRCW's financial condition and the prudence of investing in YRCW stock; (3) maintaining the Plans' pre-existing heavy investment in YRCW equity when YRCW stock was no longer a prudent investment for the Plans; (4) failing to avoid or ameliorate inherent conflicts of interest which crippled their ability to function as independent, "single-

6
**QUESTIONS? CALL [number] TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.**

minded" fiduciaries with only the Plans and the participants' best interests in mind; (5) failing to adequately monitor other persons to whom management or administration of the Plans' assets was delegated, despite the fact that certain Defendants knew or should have known that such other fiduciaries were imprudently allowing the Plans to continue offering YRCW stock as an investment option and investing the Plans' assets in YRCW stock when it was no longer prudent to do so; and (6) failing to prevent ERISA violations by other co-fiduciaries.

Named Plaintiffs allege that Defendants allowed the heavy imprudent investment of the Plans' assets in YRCW stock throughout the Class Period despite the fact that they knew or should have known that such investment was imprudent because, among other things, YRCW was experiencing: (a) a deteriorating demand for trucking services and increased expenses; (b) significant difficulties securing appropriate credit facilities while YRCW was experiencing debilitating increases in operating costs; (c) an excessive increase in YRCW's debt to equity ratio; (d) numerous downgrades of YRCW's credit ratings; and (e) an exorbitantly high debt-default and bankruptcy risk.

**The Defenses in the Action**

The Defendants deny that they have liability to the Plans or its participants or beneficiaries. If the Action were to continue, the Defendants would raise numerous defenses to liability, including:

- Defendants did not engage in any of the allegedly improper conduct charged in the Complaint;
- Defendants designed the Plans for the benefit of their participants and included a wide array of investment options from which participants could personally elect to invest their account balances. Because investment in any company's stock fund is inherently more risky than a diversified investment vehicle, Defendants structured the Plans such that no participant funds could be directly invested in YRCW stock. Rather, only YRCW could give participants a portion of a match in YRCW stock and participants had the election to keep the stock they had been given or immediately diversify;
- YRCW at all times fairly and accurately reported on its financial performance and prospects and on the higher risk inherent in an investment in YRCW stock;
- Defendants were not fiduciaries of the Plans, or, if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the Action;
- YRCW stock was at all relevant times a prudent investment for the Plans and their participants, particularly given the limits on it and the array of alternatives available at the discretion of the participant;
- To the extent they were fiduciaries as to the matters at issue in the Action, Defendants fully and prudently discharged all of their fiduciary duties imposed on them by ERISA; and
- Even if they failed to discharge one or more of their ERISA fiduciary duties, any such breach of fiduciary duty did not cause the losses alleged by the Plaintiffs.

**The Action Has Been Aggressively Litigated**

Class Counsel have conducted an extensive investigation of the allegations in the Action and of the losses suffered by the Plans. In addition, through their investigation and through discovery of information in the Action, Class Counsel have obtained and reviewed approximately 60,000 pages of

7
QUESTIONS?  CALL **[number]** TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
**Do not call the Court or YRC Worldwide, Inc. with your questions.**

documents, including documents and materials governing the Plans, communications with the Plans' participants, internal documents regarding the Plans, SEC filings, press releases, public statements, news articles and other publications, and other documents regarding the underlying corporate issues that the Plaintiffs allege made YRCW stock an imprudent investment for the Plans.

This Action was litigated by the Named Plaintiffs and Class Counsel for almost two years before the Parties agreed on settlement terms. The initial complaint in this matter was filed against Defendants on November 17, 2009, by Plaintiffs Eva L. Hanna and Shelley F. Whitson. In the next few months, Plaintiffs Daniel J. Cambra and Patrick M. Couch filed similar complaints against these same defendants. On March 2, 2010, the Court consolidated the three actions. On April 1, 2010, the Named Plaintiffs filed an amended complaint in the Action. On April 22, 2010, another analogous action was filed styled Franklin v. YRC Worldwide, Inc., et al., Case No. 10-2232-EFM-DWB (D. Kan.), which the Court consolidated with the Action on May 12, 2010. On June 1, 2010 Defendants filed a motion to dismiss Plaintiffs' Consolidated Complaint and also filed a motion to strike Plaintiffs' jury demand. Named Plaintiffs opposed the two motions on August 6, 2010, and Defendants filed their reply motions on September 15, 2010. Further, on October 1, 2010, Named Plaintiffs filed their motion for class certification. On October 29, 2010, the Court entered an Order granting in part and denying in part Defendants' Motion to Dismiss. On November 17, 2010, Plaintiff Franklin was dismissed from the Action. On November 29, 2010, Defendants filed an Answer to Named Plaintiffs' Amended Complaint, and the Court entered an Order granting Defendants' motion to strike Named Plaintiffs' jury demand. On January 10, 2011, Defendants filed their opposition to Named Plaintiffs' motion for class certification. On January 28, 2011, Named Plaintiffs filed a motion to strike the affirmative defenses Defendants asserted in their Answer filed November 29, 2010. On March 4, 2011, Named Plaintiffs filed their reply in support of their motion for class certification, and on April 6th, the Court entered an Order granting Named Plaintiffs' class certification motion. A few days later, on April 15th, the Court entered another Order granting in part and denying in part Named Plaintiffs' motion to strike affirmative defenses. Shortly thereafter, the Parties informed the Court of their successful settlement discussions.

### Settlement Discussions

The proposed Settlement is the product of hard-fought, lengthy negotiations between Class Counsel and the Defendants' counsel. Throughout the negotiations, Class Counsel and Defendants' counsel were advised by individuals with expertise of the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

### 3. Why is this case a class action?

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs" sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the purported wrongful conduct alleged in this Action affected a large group of people – participants in the Plans during the relevant time period – in a similar way, the Named Plaintiffs filed this case as a class action.

### 4. Why is there a Settlement?

8
QUESTIONS? CALL **[number]** TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
**Do not call the Court or YRC Worldwide, Inc. with your questions.**

As with any litigated case, the Named Plaintiffs would face an uncertain outcome if this case were to go on to trial. On the one hand, continuation of the case against the Defendants could result in a verdict greater than the Settlement. On the other hand, continuing the case against Defendants could result in a verdict for less money than Named Plaintiffs have obtained in the Settlement, or even no recovery at all. Based on these factors, the Named Plaintiffs and their attorneys in this case think the Settlement is best for all Settlement Class members.

### 5. How do I know whether I am part of this Settlement?

You are a member of the Settlement Class if you fall within the definition of the Settlement Class approved by United States District Judge John W. Lungstrum:

All persons, excluding Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between October 25, 2007 and June 8, 2011 and whose Plan accounts included investments in YRCW common stock (directly and/or through shares in the YRCW Stock Fund).

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Court-approved Plan of Allocation, described below in Section 8.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

### 6. What does the Settlement provide?

A Settlement Fund consisting of six million five hundred thousand dollars in United States currency ($6,500,000) is being established in the Action. The net amount in the Settlement Fund, including interest and less payment of taxes, Court-approved attorneys' costs, fees, and expenses, any Court-approved Case Contribution Awards to be paid to the Named Plaintiffs, and expenses incurred in calculating, satisfying and administering the Settlement, will be allocated to the Plan accounts of members of the Settlement Class according to a Plan of Allocation to be approved by the Court. If necessary, new Plan accounts will be created for those members of the Settlement Class who no longer have accounts in the Plan.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them are deemed to fully release the "Released Parties" from "Released Claims." The Released Parties are broadly defined, and include, among others, all Defendants, as well as all of YRCW's present, past, and future predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, officers, directors, committees, employees, fiduciaries, administrators, actuaries, agents, insurers, representatives, attorneys, retained experts and trustees. The Released Claims mean any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown (including Unknown Claims), of any nature whatsoever, whether legal, statutory, equitable or of any other type or form, whether under federal or state law, and whether brought in a representative or any other capacity, that were or could have been asserted in the Action, in connection with, arising out of, related to, or based upon, in whole or in part, directly or indirectly, any action or omission of the Defendants with respect to YRCW stock during the Settlement Class Period. This means, among other things, that Settlement Class members will not have the right to sue the Released Parties for anything related to the investment of Plans assets in YRCW (or its

9
QUESTIONS?  CALL **[number]** TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
**Do not call the Court or YRC Worldwide, Inc. with your questions.**

predecessors' or Successors') stock or to other alleged fiduciary misconduct during the Settlement Class Period concerning the Plans.

The above description of the operation of the Settlement is only a summary. The complete terms, including the definitions of the Released Parties and Released Claims, are set forth in the Settlement Agreement (including their exhibits), which may be obtained at a dedicated Settlement Internet site, **www.YRCWorldwideERISAsettlement.com** or by contacting Class Counsel listed on page 6 above.

### 7. How much will my payment be?

Your share (if any) of the net proceeds of the Settlement paid into the Plans (the "Net Proceeds"), less the expenses associated with administering the Settlement and implementing the Plan of Allocation, will depend on your alleged loss, compared to other Settlement Class members' alleged losses, related to Plan investments in the YRCW Stock Fund at any time during the period from October 25, 2007 to June 8, 2011. Each Settlement Class member's share of the Net Proceeds will be determined using a Court-approved Plan of Allocation. Because the Net Proceeds are less than the total losses alleged by the Settlement Class, each Settlement Class member's proportionate recovery will be less than his or her alleged loss. You are not responsible for calculating the amount you may be entitled to receive under the Settlement. This calculation will be done as part of the implementation of the Settlement.

In general, your proportionate share of the Net Proceeds will be calculated as follows:

- The "Net Loss" for each member of the Class will be calculated. Net Loss shall be equal to: (a) the dollar value, if any, of a participant's Plan account balance invested in the YRCW Stock Fund on the first day of the Settlement Class Period; plus (b) the dollar amount, if any, of all purchases of interests in the YRCW Stock Fund for his or her account during the Settlement Class Period, as of the time of purchase(s); minus (c) the dollar value, if any, of all dispositions of interests in the YRCW Stock Fund in his or her account during the Settlement Class Period, as of the time of the disposition(s); minus (d) the dollar value, if any, of the balance in the YRCW Stock Fund remaining in his or her account on the close of business on June 8, 2011.

- The Net Losses of the participants will be aggregated to yield the total loss of the Plans as a whole over the Settlement Class Period (the "Plans' Loss").

- Applying that percentage to the Settlement proceeds (net of fees and expenses as described above), the Claims Administrator will calculate each Settlement Class member's share of those proceeds on a preliminary basis. Each participant will be assigned an Alleged Net Loss Percentage, showing the percentage of the participant's Net Loss in relation to all participants' Net Losses.

- The third-party vendor selected by counsel for the Named Plaintiffs shall then calculate for each participant his "Preliminary Individual Dollar Recovery," or personal share of the Net Proceeds, by multiplying the Participant's Alleged Net Loss Percentage by the Net Proceeds.

**QUESTIONS? CALL [number] TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.**

- All participants whose Preliminary Individual Dollar Recovery is greater than zero but less than five dollars ($5.00) shall be deemed to have a final share of the Net Proceeds of zero. The third party vendor shall then recalculate the Alleged Net Loss Percentages of the participants whose Preliminary Individual Dollar Recovery was greater than $5.00, so as to arrive at each such Participant's "Final Individual Dollar Recovery." The sum of the Final Individual Dollar Recoveries must equal the Net Proceeds.

**Do not worry if you do not have records that show your Plan activity**. If you are entitled to a share of the net Settlement Fund, you will receive a statement showing the amount of your share. If you have questions regarding the Settlement or the Plan of Allocation, please contact the Class Counsel listed on page 6 above.

### 8. How may I get a payment?

You do not need to file a claim. If you are a Settlement Class member entitled to receive a share of the Settlement proceeds and you are a current participant in the Plans, your share will be deposited in your Plan account. If you are a Settlement Class member entitled to receive a share of the Settlement proceeds, but are no longer a participant in the Plans, an account will be established for you in the Plans, and you will be notified of the account and how to withdraw the proceeds. If you are a former participant in the Plans, and have not provided the Plan with your current address, please contact Class Counsel listed on Page 6 above.

### 9. When would I get my payment?

The Settlement cannot be completed unless and until several events occur. These events include final approval of the Settlement by the Court, transfer of the Settlement payment to the Plans, and calculation of the amount of the Settlement proceeds owed to each Settlement Class member. If objections are made to the Settlement or appeals are taken by objectors from approval of the Settlement, this process may take a long time to complete, possibly several years. The Settlement Fund, however, will be invested in secure, interest-bearing securities, and the interest income will be included in the amount paid to the Plan and allocated to Settlement Class members.

Upon satisfaction of various conditions, the Net Proceeds will be paid to the Plans and allocated to the accounts of Settlement Class members pursuant to the Plan of Allocation (described in the Answer to Question No. 8, above) as soon as possible after final approval has been obtained for the Settlement (which, as noted, includes exhaustion of any appeals). Any appeal of the final approval may take several years. Any accrued interest on the Settlement Fund will be included in the amount paid to the Plans and allocated to the Plan accounts of Settlement Class members.

**THERE WILL BE NO PAYMENTS UNDER THE SETTLEMENT IF THE SETTLEMENT AGREEMENT IS TERMINATED**

The Settlement Agreement may be terminated on several grounds, including if: (1) the Court does not approve or materially modifies the Agreement; (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court, or (3) the independent fiduciary

11
**QUESTIONS?  CALL [number] TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.**

retained by the Plan Administrator does not approve the Settlement. If the Settlement Agreement is terminated, the Action will proceed between Named Plaintiffs and the Defendants as if the Settlement Agreement had not been entered into.

### 10. Can I get out of the Settlement?

**You do not have the right to exclude yourself from the Settlement.** The Action provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1) and the Court has determined that the requirements of that Rule have been satisfied. Thus, it is not possible for any Settlement Class member to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and/or ask the Court to not approve it. For more information on how to object to the Settlement, see the answer to Question 13 below.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in the case?

The Court has appointed the law firms Kessler, Topaz, Meltzer & Check, LLP (formerly known as Barroway Topaz Kessler Meltzer & Check, LLP) and Izard Nobel LLP as Class Counsel for Named Plaintiffs in the Action. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. How will the lawyers be paid?

Class Counsel will file a motion for the award of attorneys' fees of not more than 33% of the Settlement Fund, plus reimbursement of expenses incurred in connection with the prosecution of the Action. This motion will be filed with the Court no later than [DATE] and will be made available at www.YRCWorldwideERISAsettlement.com after it is filed. This motion will be considered at the Fairness Hearing described below. Defendants will not take a position on that matter before the Court as long as the amount of attorneys' fees requested does not exceed 33% of the Settlement Fund.

**Objecting to the Attorneys' Fees**

By following the procedures described in the Answer to Question No. 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

12
QUESTIONS? CALL **[number]** TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
**Do not call the Court or YRC Worldwide, Inc. with your questions.**

| 13. | How do I tell the Court if I don't like the Settlement? |
|---|---|

If you are a Settlement Class member, you can object to the Settlement if you do not agree with any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement. Be sure to include your name, address, telephone number, signature, and a full explanation of all reasons why you object to the Settlement. **Your written objection must be sent to the following counsel and must be postmarked by no later than [DATE]**:

| **Class Counsel** | **YRC Worldwide, Inc.'s Counsel** |
|---|---|
| Edward Ciolko<br>Kessler Topaz Meltzer<br>  & Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>eciolko@ktmc.com<br><br>Wayne T. Boulton<br>Izard Nobel LLP<br>29 South Main St., Suite 215<br>West Hartford, CT 06107<br>wboulton@izardnobel.com | Charles C. Jackson<br>Morgan, Lewis & Bockius, LLP<br>77 West Wacker Drive, 5th Floor<br>Chicago, IL 60601<br>charles.jackson@morganlewis.com |

**You must also file your objection with the Clerk of the United States District Court for the District of Kansas.** The address is: Clerk of the U.S. District Court for the District of Kansas, 500 State Ave., 259 U.S. Courthouse, Kansas City, Kansas 66101.

The objection must refer prominently to In re YRC Worldwide, Inc. ERISA Litig., No. 2:09-cv-02593-JWL-JPO. **Your objection must be postmarked no later than [DATE]**.

### THE FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend.

| 14. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Fairness Hearing at [TIME] on [DATE], at the U.S. District Court for the District of Kansas, 500 State Ave., 259 U.S. Courthouse, Kansas City, Kansas 66101, in the Courtroom then occupied by United States District Judge John W. Lungstrum. The Court may adjourn the Fairness Hearing without further notice to the Settlement Class, so, if you wish to attend, you should confirm the date and time of the Fairness Hearing with Class Counsel before doing so. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will

13
**QUESTIONS? CALL [number] TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.**

consider them. The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Named Plaintiffs. We do not know how long these decisions will take.

### 15. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Lungstrum might have. But you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

### 16. May I speak at the hearing?

If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Fairness Hearing and present your objections to the Court. You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in In re YRC Worldwide, Inc. ERISA Litigation, No. 09-cv-02593 JWL/JPO." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be sent to the attorneys listed in the Answer to Question No. 13, above, postmarked no later than [DATE], and must be filed with the Clerk of the Court at the address listed in the Answer to Question No. 13, postmarked no later than [DATE].

## IF YOU DO NOTHING

### 17. What happens if I do nothing at all?

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

### 18. Are there more details about the Settlement?

Yes. This Class Notice summarizes the proposed Settlement. The complete terms are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on page 6 above. Copies may also be obtained at **www.YRCWorldwideERISAsettlement.com by calling the toll-free number _____, or by sending an email to info@ktmc.com and firm@izardnobel.com.** You are encouraged to read the complete Settlement Agreement.

14
**QUESTIONS? CALL [number] TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.**

DATED: _____

**QUESTIONS?  CALL [number] TOLL FREE, OR VISIT
www.YRCWorldwideERISAsettlement.com.
Do not call the Court or YRC Worldwide, Inc. with your questions.**