# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| IN RE: YRC WORLDWIDE, INC. ERISA LITIGATION | : : : : : | Case No. 09-cv-02593 JWL/JPO |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

This Action came on for hearing to determine the fairness of the proposed settlement (the "Settlement"). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and undefined terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") executed by Named Plaintiffs and Defendants through their counsel.

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

2. The Court has previously certified this Action as a class action pursuant to FED. R. CIV. P. 23. On April 6, 2011, the Court issued its order certifying the following Class under FED. R. CIV. P. 23(b)(1):

> All persons, excluding Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between October 25, 2007 and the present (the "Class Period") and whose Plan accounts included investments in YRCW common stock (directly and/or through shares in the YRCW Company Stock Fund).

    (a)    In connection with the Settlement, Plaintiffs have requested, and

Defendants do not oppose, modification of the certified class for settlement purposes only as follows:

> All persons, excluding Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between October 25, 2007 and June 8, 2011 and whose Plan accounts included investments in YRCW common stock (directly and/or through shares in the YRCW Stock Fund).

(b) Accordingly, the Court, in conducting the settlement approval process required by FED. R. CIV. P. 23, modifies the definition of the certified class, solely for purposes of settlement, as set forth in section 2(a) above under FED. R. CIV. P. 23(b)(1) (the "Settlement Class").

(c) Further, the Court in its April 6, 2011 Order appointed Eva L. Hanna, Daniel J. Cambra and Patrick M. Couch as class representatives. The Court also appointed Kessler Topaz Meltzer & Check, LLP and Izard Nobel as Co-Lead Counsel for the certified class and Dysart Taylor Lay Cotter & McMonigle P.C. as Liaison Class Counsel.  For the same reasons as expressed in its April 6, 2011 Order, the Court appoints the Named Plaintiffs as the representatives for the Settlement Class and Co-Lead Class Counsel and Liaison Class Counsel as counsel for the Settlement Class.

3. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

4. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate, and more particularly finds:

> (a) The Settlement was negotiated vigorously and at arm's-length by counsel for the Defendants, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Class;

(b) This Action settled after Defendants' motion to dismiss, which was denied by the Court in part and granted in part, and after the Named Plaintiffs' motion for class certification, which was granted. The Settlement was reached following arm's-length negotiations among counsel, all of whom were thoroughly familiar with this litigation. Named Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

(d) The amount of the Settlement is fair, reasonable, and adequate. The Settlement amount is within the range of settlement values obtained in similar cases;

(e) At all times, the Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class; and,

(f) The Court has duly considered any objections to the Settlement that were filed.

5. The Plan of Allocation is approved as fair and reasonable. Class Counsel shall direct distribution of the Net Settlement Fund in accordance with the Plan of Allocation and the Settlement Agreement.

6. The Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

7. The Court has approved the following Releases and injunctive relief as set forth in Section 6 of the Settlement Agreement:

    (a) <u>Plaintiffs', the Settlement Class' and the Plan's Releases</u>.  Upon the Effective Date, Named Plaintiffs shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the Plans and the Settlement Class shall, by operation of the Final Order and Judgment, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Released Parties from all Released Claims.

    (i) Named Plaintiffs and the Settlement Class shall be permanently and finally enjoined without the necessity of posting a bond from commencing or prosecuting any actions or other proceedings asserting any of the Released Claims either directly, indirectly, derivatively, or in any other capacity, against any of the Released Parties.

    (b) <u>Defendants' Releases</u>.  Upon the Effective Date, Defendants shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the Named Plaintiffs, Class Counsel, the Plans and the Settlement Class from any and all claims for attorneys' fees and costs incurred in defending this action, or any claims, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated regarding the method and manner of the distribution of the Settlement Fund or the Net Settlement Fund, and the Plan of Allocation.

    (c) <u>Scope of Releases</u>.

    The releases set forth in this section are not intended to include the release of any rights or duties of the parties arising out of this Settlement Agreement, including the express warranties and covenants contained therein, except as expressly provided in the Settlement Agreement.

8. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Case Contribution Awards to the Named Plaintiffs, and reimbursements of expenses, submitted pursuant to the Settlement Agreement.

9. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, *ab initio,* and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before June 8, 2011, the day the agreement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

10. This Final Order and Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability. This Final Order and Judgment is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties. This Final Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing. This Final Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or

unavailable. This Final Order and Judgment shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated.  Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

     IT IS SO ORDERED.

DATED: _____, 2011     _____
                                        HON. JOHN W. LUNGSTRUM
                                        UNITED STATES DISTRICT JUDGE